UNITED STATES TAX COURT


WILLIAM S. COOK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2037-98.


William S. Cook, pro se.

Robert W. Dillard, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  Respondent determined the following defi-
ciencies in, and additions to, petitioner's Federal income tax
(tax):

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)[1] | Sec. 6654(a) |
| --- | --- | --- | --- |
| 1994 | $20,835 | $3,084 | $303 |
| 1995 | 7,778 | 195 | 424 |

The only issues remaining for decision are whether petitioner is liable for 1994 for the additions to tax under sections 6651(a) and 6654(a).  We hold that he is.

Some of the facts have been stipulated and are so found.

Petitioner resided in Indialantic, Florida, at the time the petition was filed.

At all relevant times, petitioner worked as a catastrophe insurance claims adjuster.  His income from that work depended, inter alia, upon whether there was bad weather.  Given the nature of petitioner's work, it was difficult for him to determine the amount of income that he would earn from year to year.

Petitioner filed his 1994 tax return on or about October 3, 1997.  Petitioner contends that the reason that he filed his 1994 return late was because he wanted to make sure that he completed that return accurately, and he was concerned that if he filed an inaccurate return, he would be penalized.

Petitioner claims that he made estimated tax payments with respect to the income that he expected to earn for 1994.  He

---

[1]  All section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

further contends that one of the reasons why he did not make the appropriate amount of estimated tax payments for 1994 related to certain unresolved tax issues for 1993 that were pending before the Internal Revenue Service.

Petitioner has the burden to show that he is not liable for the additions to tax under sections 6651(a) and 6654(a). Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 6651(a)(1) imposes an addition to tax for failure to file timely a tax return. The addition to tax does not apply if the failure is due to reasonable cause, and not to willful neglect. Sec. 6651(a)(1). Petitioner suggested at trial that one of the reasons that he did not timely file his 1994 return was because he did not know the amount of his income for 1994 as of the time that return was due. We find that explanation hard to believe, since petitioner is presumably a cash basis taxpayer who would have known the amount of income that he earned during 1994 well before the due date of his 1994 return. In any event, unavailability of information or records does not necessarily establish reasonable cause for failure to file timely. See Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1342-1344 (1971), affd. without published opinion 496 F.2d 876 (5th Cir. 1974). A taxpayer is required to file timely based on the best information available and to file thereafter an amended return if necessary. Estate of Vriniotis v. Commissioner, 79 T.C. 298, 311

(1982). Nothing in the record suggests that petitioner applied for an extension of time to file his 1994 return. Petitioner did not show that as of the due date of his 1994 return he did not have information showing the amount of his income for 1994. Nor did he establish that he could not have prepared a timely 1994 return with a reasonable degree of accuracy based on the information available to him as of the due date of that return. On the record before us, we find that petitioner has not demonstrated that the failure to file timely his 1994 return was due to reasonable cause, and not to willful neglect. We further find on that record that petitioner is liable for 1994 for the addition to tax under section 6651(a)(1).

Section 6654(a) imposes an addition to tax in the case of any underpayment of estimated tax by an individual. The addition to tax under section 6654(a) is mandatory unless petitioner qualifies under one of the exceptions in section 6654(e). See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner claims that he made estimated tax payments with respect to the income that he expected to earn for 1994 and that one of the reasons why he did not make the appropriate amount of estimated tax payments for that year related to certain unresolved tax issues for 1993 that were pending before the Internal Revenue Service. Petitioner does not argue, and did not prove, that he qualifies under any of the exceptions listed in section 6654(e).

On the instant record, we find that petitioner failed to prove that he is not liable for 1994 for the addition to tax under section 6654(a).

To reflect the foregoing and the concessions by the parties,

<u>Decision will be entered under Rule 155</u>.